**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL CHANEY, et al.**

    **Plaintiffs,**

**v.**                                                                                              Case No.  8:10-cv-1056-T-30TGW

**CRYSTAL BEACH CAPITAL, LLC, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Crystal Beach Capital, LLC and NJR Resort Management, LLC's Motion to Dismiss (Dkt. 24) and Plaintiffs Michael Chaney, PH Equity Partners LLC, James W. Sacca, III, Janice B. Sacca, Kieran O'Leary and Donna O'Leary's Response in opposition (Dkt. 33).  The Court, having considered the motion, response, and being otherwise advised on the premises, concludes that the motion should be granted in part and denied in part.

### Background

Defendant Crystal Beach Capital, LLC ("Crystal Beach") is the developer of a hotel and condominium project on Clearwater Beach, Fla. known as Aqualea.  Crystal Beach marketed condominium units within Aqualea for sale to various individuals including Plaintiffs.  Plaintiffs allege Crystal Beach along with Defendant NJR Resort Management, LLC ("NJR"), who was allegedly acting on behalf of Crystal Beach, made the following

misrepresentations:

    a.    "The Units would rent for similar prices to the Don Cesar Beach Resort in St. Pete Beach, FL with an average Unit rental price of $300 to $500 per night." (Dkt. 17, ¶ 15).

    b.    "Plaintiffs would share in forty-five percent (45%) of the rental income as the Unit owners." (Id. at ¶ 16).

    c.    "Completion of the Units would take place by December 31, 2007." (Id. at ¶ 17).

    d.    "Defendants would be diligent with timely construction of the Units and the Units would be completed within a reasonably timely fashion." (Id. at ¶ 18).

Sometime in 2006, Plaintiffs entered into contracts with Defendants[1] for the purchase of a Aqualea units. Plaintiffs have paid deposits but the parties have not yet closed on the unit. The contracts stated that the estimated completion date of the unit was December 31, 2007. The Aqualea project was not completed by that date. In February 2010, the Aqualea opened for business. Since February 1, 2010, Defendants have been renting out Plaintiffs' units and others. Plaintiffs allege that Defendants have been retaining the rental income from the units.

---

[1] In their response to the motion to dismiss, Plaintiffs note that NJR is not a party to the contract. However, in the complaint, Plaintiffs simply allege "Plaintiffs, as buyers, and Defendants, as sellers, entered into a Purchase Agreement for the purchase and sale of the unit." (Dkt. 17, ¶ 20). They make no distinction between the Defendants with regard to the purchase agreement. Though the purchase agreement attached to the complaint is signed by an "authorized representative of Crystal Beach, it not signed by any plaintiff in this action. It is unclear based on the complaint and the version of the purchase agreement attached, whether NJR is actually a party to the contracts at issue. Therefore, the Court must take the facts as alleged and treat NJR as a party to the contracts for the purpose of the motion to dismiss.

Plaintiffs bring this purported class action alleging nineteen counts[2], including breach of contract, violations of state and federal statutes, and various fraud based claims. Defendants now move to dismiss the complaint in its entirety.

## Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by

---

[2] Plaintiffs have voluntarily withdrawn Count Nineteen for Return of the Deposit under Fla. Stat. 718.202. Therefore, the Court will not address that count in this Order.

which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## Discussion

### A.     Class Action Allegations

Defendants argue that class treatment is inappropriate because Plaintiffs have not set forth sufficient factual allegations to establish basis for a class action under Federal Rule of Civil Procedure 23. The question of class certification is generally not addressed on a motion to dismiss. And Plaintiffs have not yet moved for class certification. "[T]he shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form." *Motisola Malikha Abdallah v. Coca-Cola Co.*, 1999 U.S. Dist. LEXIS 23211, 5-6 (N.D. Ga. July 16, 1999) (*citing Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975)). Therefore, the Court will not make a determination regarding class certification at this time. The Court is aware, however, that some of Plaintiffs' claims, particularly Plaintiffs' fraud based claims, may not be appropriate for class action litigation. *See Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 685 (N.D. Ga. 1997) (*citing Andrews v. AT&T*, 95 F.3d 1014, 1023-1024 (11th Cir. Ga. 1996)).

### B.     Plaintiffs' fraud based claims do not meet the heightened pleading standard of Rule 9(b)

Plaintiffs' claims for violations of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1703(a)(2) (Count Six), negligent misrepresentation (Count

Seven), fraudulent misrepresentation (Count Nine), and fraud in the inducement (Count Ten) must be pled with particularity under Federal Rule of Civil Procedure 9(b). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule requires a Plaintiff to set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. Fla. 2001) *(quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In addition, Plaintiffs' are required to "inform each defendant of the nature of his alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (*quoting Vicom, Inc. v. Harbridge Merchant Servs.*, Inc., 20 F.3d 771, 778 (7th Cir. 1994)).

     Plaintiffs fraud based claims fail to meet this standard. Plaintiffs allege only what statements were made, in general terms. They do not allege when and where the misrepresentations were made or the precise statements that were made. In addition, throughout the complaint, the Defendants are improperly "lumped together." By pleading in this way, Plaintiffs fail to identify the speakers of the alleged misrepresentations. Therefore, Counts Six, Seven, Nine, and Ten must be dismissed without prejudice.

### C.     Count One--Declaratory Judgment

Defendants argue first that Plaintiffs claim for declaratory judgment should be dismissed because Plaintiffs attempt to bring the claim under the Florida declaratory judgment statutes rather than the federal statute.  Plaintiffs agree that it is procedurally incorrect to seek declaratory relief under the Florida statute.  Plaintiffs may amend to correct that oversight.

Defendants next argue that the Court should exercise its discretion to dismiss the claim because there is an alterative remedy available that may be "better or more effective."  The Court declines to exercise its discretion in that way.  Fed. R. Civ. P 8(a)(2) allows plaintiffs to make alternative claims for relief even if the claims are contradictory.  There is no basis to dismiss the claim at this stage.

### D.     Count Two--Breach of Agreement

Plaintiffs allege that Defendants breached the agreement by failing to complete the construction of the unit by December 31, 2007, or a reasonable time thereafter.  The contract provision to which Plaintiffs are referring states that the December 31, 2007 completion date is an estimated date.  Defendants argue that the Plaintiffs claim for breach of contract is explicitly contradicted by the contract language.  This is an issue of ambiguity in the contract, which is more appropriate for summary judgment.

Plaintiffs also bring this claim against both Defendants.  However, in their response to the motion to dismiss, Plaintiffs repeatedly state that NJR is not a party to the contract.  If it is true that NJR is not a party to the agreement, there can be no claim for breach against

it. As stated in footnote one, Plaintiffs have alleged in the complaint that NJR is a party to the contract. Therefore, the Court must take the allegations as true and treat NJR as a party to the contract. If necessary, Plaintiffs may amend this Count to accurately reflect the parties' contractual relationships.

**E.     Count Three--Breach of the Implied Duty of Good Faith and Fair Dealing**

Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999); *Barnes v. Burger King Corp.,* 932 F. Supp. 1420, 1438 (S.D. Fla. 1996); *County of Brevard v. Miorelli Eng'g, Inc.,* 703 So. 2d 1049, 1050 (Fla. 1997). This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." *Barnes,* 932 F. Supp. at 1438. However, there are two restrictions on causes of action for the breach of good faith and fair dealing. First, the implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties. *Weaver,* 169 F.3d at 1317-18; *Barnes,* 932 F. Supp. at 1438; *City of Riviera Beach v. John's Towing,* 691 So. 2d 519, 521 (Fla. 4th DCA 1997). Second, a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached. *Weaver,* 169 F.3d at 1317-18; *Nautica Int'l, Inc. v. Intermarine USA, L.P.,* 5 F. Supp. 2d 1333, 1340 (S.D. Fla. 1998) (finding as a matter of law that plaintiff stated claim because it alleged an express breach of contract).

Plaintiffs claim that Defendants breached the implied duty of good faith and fair dealing by failing to substantially complete the unit by December 31, 2007, or within a reasonable time, failing to inform the Plaintiffs of the substantial completion of the unit, failing to close on the unit when it was substantially complete, and failing to share the rental income with Plaintiffs. These alleged breaches relate to Plaintiffs' breach of contract claim regarding the completion date of the unit. As with that claim, Defendants move to dismiss arguing that the claim is explicitly contradicted by the language of the agreement. Again, Defendants ask the Court to engage in contract interpretation in dealing with the ambiguity regarding the date of completion, which is inappropriate at this stage. Defendants' motion is denied as to Count Three.

**F.     Count Four--Rescission of the Agreement**

To state a cause of action for rescission or cancellation of a contract, a party must allege: (1) the character or relationship of the parties; (2) the making of the contract; (3) the existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation; (4) that the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission; and (5) that the moving party has no adequate remedy at law. *Staaldam Beheer B.V. v. ASAP Installations, LLC*, 2010 U.S. Dist. LEXIS 41682, 10-11 (M.D. Fla. Apr. 28, 2010) (*citing Ahern v. Fid. Nat'l Title Ins. Co.*, 664 F. Supp. 2d 1224 (M.D. Fla. 2009)).

Plaintiffs allege they are entitled to rescission of the agreement because the default clause of the agreement lacks mutuality and the "lack of a closing date renders the agreement

indefinite and uncertain." However, Plaintiffs fail to allege all of the required elements of the claim. Specifically, Plaintiffs fail to allege that they have rescinded the purchase agreement and notified Defendants of that rescission. Therefore, Count Four is dismissed without prejudice.

### G.     Counts Five, Six, Seven, Eight, Nine, and Ten

With regard to Counts Five (violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201), Six (violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1703(a)(2)), Seven (Negligent Misrepresentation), Eight (violations of the Florida Condominium Act, Fla. Stat. § 718.506), Nine (Fraudulent Misrepresentation), and Ten (Fraud in the Inducement), Defendants argue that Plaintiffs factual allegations supporting those claims are addressed and contradicted by the express terms of the agreement. Despite Defendants contentions, Plaintiffs' allegations deal with various ambiguities in the agreement and various acts outside of the agreement. The Court may not engage in contract interpretation at the motion to dismiss stage. These arguments are more appropriate for summary judgment.

### H.     Count Eleven--Breach of Fiduciary Duty

To bring a cause of action for breach of fiduciary duty, Plaintiffs must first allege that Defendants owed a fiduciary duty. "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Watkins v. NCNB Nat'l Bank, N.A.*, 622 So. 2d 1063, 1065 (Fla. Dist. Court. App. 3d Dist. 1993) (*quoting Bankest Imports, Inc. v.*

*Isca Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989)). However, "[t]he fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance or undertaking of the duties of a fiduciary on the part of the other party." *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005).

The facts pleaded by Plaintiffs establish only an arms-length transaction, not a fiduciary relationship. Specifically, there are no allegations which show that Defendants ever accepted that role or undertook fiduciary duties. Count Ten is dismissed. Plaintiffs may amend this claim with additional facts that support the cause of action, if such facts exist.

**I.    Count Twelve--Injunctive Relief**

Plaintiffs attempt to bring a separate cause of action for injunctive relief. However, a request for such relief is not an independent cause of action. *Figel v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 82391, *7 (S.D. Fla. Aug. 12, 2010). Rather, it is a remedy available for some other cause of action. *Id.* Therefore, Count 12 is dismissed. Plaintiffs may seek injunctive relief as a remedy where appropriate.

**J.    Count Thirteen--Conversion**

In Count Thirteen, Plaintiffs allege Defendants committed conversion by "wrongfully asserting dominion over the Unit, diverting ownership and use of the Unit and/or rental income from the Plaintiffs." (Dkt. 17, ¶ 147). As Defendants point out, it is unclear whether Plaintiffs are asserting a claim for conversion of the unit itself or the income the rental of the property or both. Assuming Plaintiffs are claiming conversion of the unit itself, that claim

fails as a matter of law. Under Florida law, real property cannot be the subject of a conversion claim. *United States ex rel. Crenshaw v. Degayner*, 622 F. Supp. 2d 1258, 1279 (M.D. Fla. 2008) (*citing Am. Intern. Land Corp. v. Hanna*, 323 So. 2d 567, 569 (1975)).

As to the claim for conversion of rental income, Plaintiffs must allege that they have a present right of possession. *United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005). And Plaintiffs have failed to do so. Count Thirteen is therefore dismissed without prejudice.

**K.     Count Fourteen--Detrimental Reliance**

In Count Fourteen, Plaintiffs purport to bring a cause of action for detrimental reliance based upon Defendants' alleged misrepresentations regarding rental income from the property. However, detrimental reliance is not an independent cause of action. *See Isberner v. Celebrity Cruises, Inc.*, 2006 U.S. Dist. LEXIS 94934, *13 (S.D. Fla. Dec. 21, 2006).

Therefore, rather than a claim of detrimental reliance, Plaintiffs assert that the allegations in this cause of action state a claim for equitable estoppel. "To properly plead a claim for equitable estoppel, Plaintiff[s] must allege the following: '(1) Defendant[s'] representation as to a material fact that is contrary to a position subsequently asserted; (2) Plaintiff[s'] reliance on that representation; and (3) a change in position detrimental to Plaintiff[s], caused by the representation and reliance.'" *Id.* Plaintiffs have stated a cause of action for equitable estoppel and may amend Count Fourteen to accurately reflect that claim.

### L. Count Fifteen--Negligent Performance of Agreement

Plaintiffs assert a claim for negligent performance of the agreement alleging Defendants "negligently failed to complete construction of the Unit by December 31, 2007, and otherwise adhere to any reasonable time line in constructing the Unit." (Dkt.17, ¶ 160). In asserting this claim, Plaintiffs contend that Defendants owed a duty to Plaintiffs to perform under the contract. Defendants argue that this tort claim is barred by the economic loss rule because the parties are in contractual privity.

The economic loss rule provides there can be no tort action "where a defendant has not committed a breach of duty apart from a breach of contract." *Indem. Ins. Co. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004); *see also Expoships LLLP v. JS Westhoff & Co.*, 2007 U.S. Dist. LEXIS 92148 (S.D. Fla. Dec. 14, 2007). This claim relies on the same facts as the breach of contract claim as both counts allege Defendants failed to perform under the contract. The economic loss rule, therefore, bars the negligence claim. Count Fifteen is dismissed with prejudice.

### M. Count Sixteen--Unjust Enrichment

Plaintiffs claim for unjust enrichment is based on the income Defendants have allegedly obtained from the rental of the unit since February 2010. Defendants argue that Plaintiffs' unjust enrichment claim must be dismissed because the parties have a valid contract covering the same subject matter as the unjust enrichment claim. It is true that "[a] claim for the equitable remedy of unjust enrichment may not be brought if the parties have

a valid contract covering the same subject matter as the unjust enrichment claim." *Rushing v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 118362, *27 (M.D. Fla. Nov. 8, 2010).

In response, Plaintiffs argue that although there was a contract between Plaintiffs and Crystal Beach, the contract does not cover the same subject matter as the unjust enrichment claim. They assert that the claim is the result of the rental income Defendants are allegedly receiving as a result of the benefits allegedly conferred by Plaintiffs. Plaintiffs contend the rental income procured by Defendants is not covered by the contract. In fact, rental income obtainable prior to closing on the unit is expressly addressed in the contract at paragraph one.[3] Count Sixteen is dismissed.

### N. Count Seventeen--Civil Theft

Plaintiffs assert a claim for civil theft alleging "Defendants knowingly retained rental income from the Unit that is the lawful property of Plaintiffs with intent to temporarily or permanently deprive Plaintiffs of the right to the rental income or other benefits thereof." (Dkt. 17, ¶ 178). However, the contract contradicts Plaintiffs allegation that they have a right to the rental income. As Defendants point out, the rental income is not the lawful property of Plaintiffs because the agreement clearly provides for Defendants' right to rent out the unit prior to closing. Count Seventeen must be dismissed.

---

[3] Paragraph one provides, in part: "Inasmuch as the Condominium Property is intended to be operated as a part of a hotel, Seller reserves the right, in its sole discretion, to rent out the Unit prior to closing."

**O.     Count Eighteen--Civil Conspiracy**

Finally, Defendants move to dismiss the claim for civil conspiracy arguing that there is no cause of action on which to base the claim. As shown above, however, some of Plaintiffs' claims are sufficient and may serve as the basis of a civil conspiracy claim. In addition, the claim has been properly pleaded.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Motion to Dismiss (Dkt. 24) is **GRANTED in part and DENIED in part** as stated.

2.     Plaintiffs may file an amended complaint within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1056.mtd 24.frm